FILED

**NOT FOR PUBLICATION**

OCT 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NEW AMSTERDAM PROJECT
MANAGEMENT HUMANITARIAN
FOUNDATION, a Dutch non-profit
corporation,

          Plaintiff - Appellant,

  v.

KELLY LAUGHRIN, an individual;
CAMPBELL, WARBURTON,
FITZSIMMONS, SMITH, MENDELL &
PASTORE, a California professional
corporation,

          Defendants - Appellees.

No. 09-16357

D.C. No. 5:07-cv-00935-JF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Argued and Submitted October 7, 2010
San Francisco, California

Before: THOMPSON, SILVERMAN and McKEOWN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff-appellant New Amsterdam Project Management Humanitarian Foundation ("NAF") appeals the district court's grant of summary judgment in favor of the appellees finding NAF's conversion, common count, and restitution claims to be time-barred. NAF argues that appellee Kelly Laughrin's failure to disclose her receipt of $200,000, coupled with her statement that "[t]here is nothing else to report," amounted to fraudulent concealment and effectively "lulled" NAF into inaction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

The fraudulent concealment doctrine "does not come into play, whatever the lengths to which a defendant has gone to conceal the wrongs, if a plaintiff is on notice of a potential claim." *Snapp & Assocs. Ins. Servs., Inc. v. Malcolm Bruce Burlingame Robertson*, 96 Cal. App. 4th 884, 890-91 (2002) (citation and internal quotation marks omitted); *accord Bernson v. Browning-Ferris Indus.*, 7 Cal. 4th 926, 931 (1994) (concluding that tolling was available "'only for that period during which the claim is undiscovered by plaintiff or until such time as plaintiff, by the exercise of reasonable diligence, should have discovered it'" (citation omitted)). Once the plaintiff suspects wrongdoing, and therefore has an incentive to sue, "she

_____

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

must decide whether to file suit or sit on her rights." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1111 (1988). "So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." *Id.*

In the present case, even if there was fraudulent concealment, NAF was on inquiry notice of its claims against the appellees by 2003 at the latest, when it knew of the underlying conversion and knew that the appellee law firm received *some* portion of the converted funds. The fact that NAF was not aware of the full extent of the appellees' participation is not dispositive. The general rule in California is that "ignorance of the identity of the defendant is not essential to a claim and therefore will not toll the statute [of limitations]." *Bernson*, 7 Cal. 4th at 932 (citations omitted). Once the plaintiff is aware of "*a* defendant," he can file a timely complaint naming Doe defendants and can then utilize the available discovery tools to identify and serve any Doe defendants within the applicable three-year statute of limitations. *Id.* at 932-33. Accordingly, the district court did not err when it concluded that NAF could have filed a complaint naming Doe defendants to ascertain the extent of the appellees' role in the conversion.

Moreover, NAF could have pursued other avenues that would have allowed it to trace the money to the appellees. There is no dispute that NAF knew the U.S. Bank account into which its converted funds were initially deposited. Having this

information, NAF could have sought to subpoena the bank records, which would have allowed it to trace the money to the law firm and to Kelly Laughrin. NAF, however, has provided no evidence to demonstrate either that it tried to subpoena those records or that such an attempt would have been unsuccessful.

Accordingly, because NAF was on notice of the potential claim against the appellees by 2003 at the latest, and because it could have either sought to subpoena the bank records from U.S. Bank or named Doe defendants in the already-pending lawsuit against Margaret Laughrin, the district court did not err in finding that the three-year statute of limitations began to run in 2003. *See* CAL. CIV. PROC. CODE § 338(c). All of NAF's claims are therefore time-barred.

**AFFIRMED.**